# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-79(MTT) ) |
| LAURA WHITAKER, *et al.* | ) ) ) |
| Defendants. | ) |

## ORDER

The Defendants—Laura Whitaker, individually, and Laura and Jeffrey Whitaker, on behalf of their minor child, Liza Whitaker—move the Court to reconsider its June 9, 2017 Order (Doc. 16), denying their motions to dismiss (Docs. 10; 11). Doc. 17.

Travelers filed this declaratory judgment action to determine its uninsured/underinsured motorist (UM) liability as to claims arising from an August 20, 2016 vehicle collision, in which both Laura and Liza Whitaker were injured. Doc. 1 ¶¶ 7, 21, 22. One "Levi Griggs" negligently caused the collision. *Id.* ¶ 7. The Defendants settled with Griggs and his liability insurance carrier for the policy limits, executing a limited liability release in their favor. *Id.* ¶ 9; *see also* Docs. 14-1, 14-2. According to the complaint, both Liza and Laura Whitaker assert that Travelers owes them UM coverage; the Defendants have offered to settle Liza's claims for $250,000, the policy limit. *Id.* ¶¶ 10, 12. Travelers seeks a declaratory judgment that it owes no coverage because Liza and Laura, though relatives of the policy holders, J. Greg and Linda B. Whitaker—the parents of Jeffrey Whitaker, in-laws of Laura Whitaker, and grandparents of Liza Whitaker—do no reside with them, and thus are not insured under their policy with Travelers. *Id.* ¶¶ 17-18. Travelers states it is uncertain as to its duties and obligations under the policy in light of the Defendants' demands. *Id.* ¶ 19.

The Defendants seek reconsideration because, in their view, the Court "has failed to consider and rule on [their] significant pretrial motion particularly challenging jurisdiction of this court, and the failure of plaintiff TRAVELER'S to state a cause or claim." Doc. 17 at 2, 4. But that is not the case. The Court considered the Defendants' motions, and found (and still finds) them, as well as the motion for reconsideration, without merit.

First, the Defendants' assertions that declaratory action is not appropriate here are incorrect. The Defendants argue that there is no "case in controversy" because, under Georgia law, a party is not entitled to make a claim against an UM carrier without first obtaining a judgment against the at-fault motorist. Docs. 10 at 13-14; 11 at 13-14; 17 at 5-6. This is incorrect. Under Georgia law, "a party must exhaust available liability coverage before recovering under a UM policy." *Daniels v. Johnson*, 270 Ga. 289, 290, 509 S.E.2d 41, 42 (1998). Before 1992, that meant getting a judgment against the tortfeasor; but, for the last twenty-five years, a "plaintiff [that] settles for the limits of the policy as stated in the policy and executes a limited release in accordance with O.C.G.A. § 33-24-41.1 . . . may pursue its UM claim." *Id.* at 291, 509 S.E.2d at 43.[1] The cases cited by the Defendants to the contrary are either superseded by O.C.G.A. § 33-24-41.1 or did not involve a properly executed release thereunder.[2] Here, as the Defendants contend in their demand letters, they are entitled to pursue this claim

---

[1] The legislature enacted O.C.G.A. § 33-24-41.1 in 1992 to make meaningful the ability of a claimant to settle with the tortfeasor's insurance carrier while preserving his UM claim. Prior to its enactment, a UM carrier was entitled to insist on a judgment in excess of the liability policy limits before fixing coverage under its policy. Therefore, a claimant could not maintain an action against his own UM carrier if he had settled with the tortfeasor's carrier without the agreement of the UM carrier. O.C.G.A. § 33-24-41.1(c) changed this circumstance by expressly providing that UM policies cannot require permission of the UM carrier before a claimant settles with a liability carrier. Thus, the statute eased both the process of plaintiffs' recovering for their injuries and the process of resolving lawsuits.

*Daniels*, 270 Ga. at 290, 509 S.E.2d at 43.

[2] For example, in *Ward v. Allstate Ins. Co.*, 265 Ga. App. 603, 595 S.E.2d 97 (2004), cited by the Defendants, the claimants did not obtain a settlement and release under O.C.G.A. § 33-24-41.1.

because Griggs and his liability carrier executed a limited liability release. Docs. 14-1; 14-2. The Court is concerned that the Defendants recognized this point in their demand letters, but fail to acknowledge it now.

But even if the Defendants were correct in asserting that any action by them against Travelers is unripe for declaratory relief, this contention is beside the point. Under binding federal law, which governs this procedural matter, an insurer may seek a declaration that it owes no coverage as to a potential UM claim irrespective of whether the claimant has previously obtained a judgment against the at-fault motorist. *Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1332 (11th Cir. 1989) ("Assuming, arguendo, that the district court correctly interpreted the law of Georgia to provide that an insurer cannot seek declaratory relief in Georgia as to its obligation under uninsured motorist coverage unless and until the tort liability of the uninsured motorist to the insured has been adjudicated, an invocation of the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is neither precluded nor controlled by Georgia's procedural law."), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995).[3] Accordingly, Travelers is entitled to seek declaratory relief regarding its coverage of the Defendants' UM claims even though no judgment has been entered against the at-fault motorist, Griggs.

The Defendants' motions assert that declaratory relief is inappropriate because Travelers "has denied coverage by its conduct, including the filing of this lawsuit." Docs. 10 at 12; 11 at 12. Obviously the insurer, in its declaratory judgment action, takes the position that there is no coverage. To equate this to a denial of coverage precluding such a declaratory judgment action is nonsense. Rather, if Traveler's allegations are

---

[3] Georgia law does not appear to be to the contrary. *See Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 17, 413 S.E.2d 450, 451 (1992) ("[W]hen a claim for insurance has been made, and a legitimate question exists as to the propriety of denying coverage, the insurance company may file a declaratory judgment action before denying the claim. It is not necessary for the insurance company to wait for the insured to file a lawsuit against it."); *see also Roderick v. Int'l Indem. Co.*, 183 Ga. App. 393, 358 S.E.2d 923 (1987) (affirming summary declaratory judgment to insurer that it owed no UM coverage because claim fell within family exclusion clause even though action against tortfeasor was still unresolved).

true—and the Defendants have offered no evidence to the contrary—then Travelers did not deny coverage precluding this action.

The Defendants also argue that there is no controversy warranting declaratory relief as to Laura because no written demand was made on Laura's behalf. Doc. 17 at 7. The Defendants do not contend that Laura, unlike Liza, does not have uncompensated injuries from the accident or offer any reason why Liza, but not Laura, would be entitled to UM coverage under the policy. Under these facts, a demand by Laura is unnecessary to create an actual controversy.

Accordingly, the Defendants have offered no meritorious argument that this declaratory judgment action is improper.

Second, the Defendants' assertion that this action must necessarily violate the complete diversity rule is similarly incorrect. Yes, **if** the named insureds of the automobile policy at issue—J. Greg and Linda B. Whitaker—were necessary parties to this litigation that must be joined as involuntary plaintiffs, complete diversity would be destroyed. But the Defendants offer no reason why J. Greg and Linda B. Whitaker are necessary parties, let alone why their interests would be adverse to the Defendants'.

The amount in controversy as to Liza Whitaker appears to be at least $250,000, which exceeds $75,000. *See* Docs. 1 ¶¶ 3,12; 14 at 2; 14-1; 14-2; 14-3. Accordingly, the Court has diversity jurisdiction under 28 U.S.C. § 1332 as to Travelers's claim regarding Liza's injuries. The Court, correspondingly, has supplemental jurisdiction under 28 U.S.C. § 1367 as to Travelers's claim regarding Laura's injuries.

The Court correctly denied the Defendants' motions to dismiss because the Court has jurisdiction to enter the declaratory relief sought by Travelers. The Defendants' motion for reconsideration (Doc. 17) is accordingly **DENIED**.

**SO ORDERED**, this 12th day of July, 2017.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT